# In the Matter of Leonard KEILP.

## A Member of the Bar of the District of Columbia Court of Appeals.

### No. 91–207.

District of Columbia Court of Appeals.

Submitted Dec. 18, 1991.

Decided Jan. 7, 1992.

Before FERREN and STEADMAN, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

This is a reciprocal discipline proceeding. It stems from Respondent's suspension of sixty days imposed by the Virginia State Bar Disciplinary Board. Upon notice to us of that suspension in Virginia, we entered an order, pursuant to our D.C. Bar R. XI, § 11(d), on March 6, 1991, suspending Respondent from the practice of law in our jurisdiction pending a recommendation from the Board on Professional Responsibility. Upon the unopposed motion of Respondent, whose suspension in the District had already exceeded that imposed by Virginia, we lifted that suspension on June 5, 1991.[1] On June 17, 1991, the Board recommended to us that no discipline be imposed.

Neither Bar Counsel nor Respondent has made any appearance before us.

In these circumstances, we see no reason to take issue with the Board's recommendation. On the limited record before it, the Board could conclude that Respondent's "heavy-handed attempts to collect delinquent legal fees" did not demonstrate dishonesty or deceit in violation of DR 1–102(A)(4), at least, we might add, not to warrant an extended suspension, and that Respondent's inadvertent deposit of client funds in his personal account, in violation of DR 9–103(A), did not exceed simple commingling,[2] for which our sanction in the past has typically been public censure. *See, e.g., In re Ingram*, 584 A.2d 602, 603 (D.C.1991).

Virginia determined that Respondent's conduct in that state warranted a suspension of sixty days. Our Board similarly observed, without dissent, that "if we were to impose discipline, it would not exceed the 90–day suspension that Respondent has already served [in the District]." We accept the recommendation of the Board and close the file on this proceeding.

*So ordered.*

---

1. Respondent certified that he had complied with our Rule XI, § 14(b), (c) requiring notification to clients and adverse parties in pending cases here of the suspension and making arrangements for substitute counsel.

2. Bar Counsel's initial statement to the Board asserted that Respondent engaged in intentional misappropriation of client funds and recommended that Respondent be suspended from the practice of law for six months. However, the Board concluded unanimously to follow the Virginia decision in its view of Respondent's action. Respondent was also found by Virginia and the Board to have made "minimal" violations of DR 9–103(B). Bar Counsel has taken no exception to these conclusions of the Board. D.C. Bar R. XI, § 9(e).